IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

DANIEL BARTHOLOMEW CLARK,    )
                             )
     Plaintiff,              )
                             )        CIVIL ACTION NO.
     v.                      )        2:17cv515-MHT
                             )           (WO)
P. HARRIS, Captain,          )
et al.,                      )
                             )
     Defendants.             )

OPINION

Plaintiff Daniel Bartholomew Clark, an indigent
state inmate, filed this 42 U.S.C. § 1983 complaint
challenging actions which occurred during "the last
week of July 2017, at Ventress C.C. in the H.C.U.
lobby." Complaint (doc. no. 1) at 3. The claimss
filed in the instant case, *Clark II* (*Clark v. Harris,
et al.*, Civil Action No. 2:17-CV-515-MHT-WC), are
identical to claims filed in a case with a lower civil
action number, *Clark I* (*Clark v. Harris, et al.*, Civil
Action No. 2:17-CV-514-MHT-WC).

On October 30, 2017, Clark filed a notice of voluntary dismissal in *Clark I* seeking dismissal of that case due to the resolution of the issues that form the basis of both of the above-cited cases, and this court dismissed that case. Based on the notice of voluntary dismissal filed in *Clark I*, the court entered an order in this case, *Clark II,* requiring Clark to "advise the court of whether he seeks to dismiss this cause of action – *Clark v. Harris, et al*. Civil Action No. 2:17-CV-515-MHT-WC – as he has stated that the issues currently pending before this court have been resolved." Order (doc. no. 21) at 1. The order cautioned Clark that "if he files no response to this order the undersigned will recommend that this case be dismissed for such failure and/or due to the resolution of the issues pending in this case." *Id*. The time allowed Clark to file a response to the aforementioned order expired on November 14, 2017. As of the present date, Clark has filed no response to this order.

The court has undertaken a thorough review of the file to determine whether a less drastic measure than dismissal is appropriate. *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117-18 (11th Cir. 2007). After such review, the court finds that dismissal of this action, *Clark II,* is the proper course of action. Initially, Clark failed to comply with the directives of the order that he advise the court of whether he seeks to proceed with this action. In addition, it appears that, because of the resolution of the issues, Clark is no longer interested in the prosecution of this case. For the foregoing reasons, the court concludes that this case, *Clark II,* is due to be dismissed. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned dismissal for failure to obey a court order is not an abuse of discretion.).

An appropriate judgement will be entered.

DONE, this the 30th day of November, 2017.

                  /s/ Myron H. Thompson
                 **UNITED STATES DISTRICT JUDGE**